**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4308
_____

UNITED STATES OF AMERICA

v.

JUAN SANCHEZ,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-10-cr-00764-001)
District Judge:  Honorable Cynthia M. Rufe

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 23, 2013

_____

Before:  CHAGARES, VANASKIE, and SHWARTZ, Circuit Judges.

(Filed: January 28, 2014)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Juan Sanchez appeals his conviction for possessing a firearm as a convicted felon, arguing that the jury convicted him based on insufficient evidence. We hold that the evidence was sufficient to support the verdict, and consequently we will affirm.

I.

We write solely for the parties and will therefore recount only those facts that are essential to our disposition. The following facts are taken from witness testimony presented by the Government at trial.

In August 2010, police executed a search warrant at 3537 North Water Street in Philadelphia, Pennsylvania. Inside the house were Hilda Ortiz, her four children, and Sanchez. The officers searched the second floor bedroom and found four firearms, as well as a Comcast bill and a hospital bill both addressed to Sanchez at 3537 North Water Street. Police also found Sanchez's wallet, which contained an identification card bearing his name and a different Philadelphia address. The officers then took Sanchez upstairs into the bedroom so he could get dressed before going to the police station. After reading Sanchez his Miranda rights, police interrogated him about the guns. He explained that he had owned them for over eighteen months and had forgotten that he had them. He stated that he bought the guns from a person on the street who needed drugs.

In November 2010, Sanchez was indicted on two counts relating to possession of firearms. Count two, the subject of the instant appeal, alleged that Sanchez violated 18 U.S.C. §§ 922(g)(1) and 924(e) by knowingly possessing four firearms after having been convicted of a felony. Sanchez elected to go to trial. He was acquitted on count one, but convicted on count two. The District Court sentenced him to 235 months of

2

imprisonment and four years of supervised release.  He now seeks to overturn his conviction, contending that it was based on insufficient evidence.

## II.[1]

A defendant seeking to overturn his conviction based on insufficiency of the evidence faces a formidable challenge.  "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury."  Cavazos v. Smith, 132 S. Ct. 2, 4 (2011).  "[W]e will sustain the verdict if there is substantial evidence to uphold the jury's decision."  United States v. Boria, 592 F.3d 476, 480 (3d Cir. 2010).[2]

To demonstrate that Sanchez was guilty of a violation of § 922(g)(1), the Government was required to prove three elements beyond a reasonable doubt:  (1) that Sanchez had been convicted of a crime punishable by imprisonment for a term of more than one year; (2) that he knowingly possessed a firearm; and (3) that the firearm traveled through interstate commerce.  United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000).

Sanchez challenges only the Government's evidence concerning whether he knowingly possessed the firearm.  He argues that his "presence alone[] at the scene of the crime" is not enough to demonstrate possession.  Sanchez Br. 12.  He highlights the fact

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[2] We note that there does not appear to be any indication in the record that Sanchez moved for a judgment of acquittal before the District Court.  When a defendant fails to make such a motion, this Court ordinarily reviews a defendant's claim regarding the sufficiency of the evidence for plain error.  United States v. Gordon, 290 F.3d 539, 547 (3d Cir. 2002).  However, neither the Government nor Sanchez argues that plain error review applies.  The applicable standard of review makes no difference in this appeal as the end result will be the same under either standard.

that no investigators performed a fingerprint analysis to determine whether his fingerprints were on the firearms. Sanchez also points out that Hilda Ortiz testified that he did not live at the Water Street residence and that the hospital bill was addressed to him at 3537 North Water Street only because she had filled out the paperwork when he visited the hospital. Sanchez also relies on his own testimony, in which he stated that the guns were not his and that he did not live at the Water Street residence. Based on this, Sanchez maintains that "[t]he discrepancies between the live testimony cannot be resolved in a rational way," Sanchez Br. 15, and that we must therefore reverse his conviction.

Sanchez's arguments must fail — in a case such as this, the jury's principal role is to resolve discrepancies in testimony. Here, the jury resolved the discrepancies in an undeniably rational way by rejecting the testimony supporting Sanchez and accepting the Government's version of events. Rather than establishing that no rational juror could have convicted him, Sanchez merely points to testimony that favors his position and asks us to conclude that the jury was mistaken in rejecting that testimony. Yet there was myriad evidence that could have led a rational juror to conclude that Sanchez knowingly possessed the firearms in question: he was at the scene of the crime, documentary evidence indicated that he lived at the Water Street residence, and agent Manuel Santiago testified that Sanchez admitted to ownership of the guns after he was arrested. Sanchez essentially asks us to "usurp the role of the jury by weighing credibility and assigning weight to the evidence," which we may not do after a guilty verdict. United States v.

4

Caraballo-Rodriguez, 726 F.3d 418, 430 (3d Cir. 2013) (en banc) (quotation marks omitted).

III.

For these reasons, we will affirm the judgment of the District Court.